ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 DEC 19 AM 8:35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| EDDIE LAMAR COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 310-061 |
| ) | |
| JOSE MORALES, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was filed pursuant to 42 U.S.C. § 1983 and is now before the Court on Defendants' motion to dismiss. (Doc. no. 27.) Plaintiff filed a response and brief in opposition to the motion (doc. nos. 32, 33),[1] and Defendants have filed a reply to Plaintiff's response (doc. no. 36). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I. BACKGROUND

Plaintiff, an inmate currently detained at Autry State Prison ("Autry") in Pelham, Georgia,[2] commenced the above-captioned case on July 13, 2010, and is proceeding *pro se* and *in forma pauperis* ("IFP"). The Court screened Plaintiff's original complaint (doc. no. 1)

---

[1] Although the docket reflects that Plaintiff filed a supplemental brief in opposition to the motion to dismiss (doc. no. 40), this filing is instead a letter to the Clerk of Court inquiring into the status of his case.

[2] The events forming the basis of Plaintiff's complaint occurred while he was incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia. (Doc. no. 12, pp. 4, 9.)

pursuant to 28 U.S.C. §§ 1915(e) & 1915A and recommended that four constitutional claims be allowed to proceed against Defendants Gotell, Dennis, Morales, and Ajiabade. (Doc. no. 9.) The Court further recommended that Plaintiff's other claims, as well as the remaining defendants in his complaint, be dismissed. (Doc. no. 7.) In his objections to the Court's recommendation, Plaintiff requested leave to amend his complaint (doc. no. 10), which the Court granted (doc. no. 11). Plaintiff then timely filed his amended complaint on January 18, 2011. (Doc. no. 12.)

Next, the Court screened Plaintiff's amended complaint and vacated its prior recommendation, finding that Plaintiff had arguably stated the following viable constitutional claims: (1) an Eighth Amendment claim against Defendants Gotell and Dennis for their alleged use of excessive force against Plaintiff; (2) a First Amendment claim against Defendant Morales for retaliation based on Plaintiff's claim that Defendant Morales transferred him from JSP to Autry in retaliation for filing grievances and attempting to contact others outside the prison about his allegations of assault and inadequate medical treatment; (3) an Eighth Amendment claim against Defendants Ajiabade and Powell for their alleged deliberate indifference to Plaintiff's serious medical needs; (4) a Fourteenth Amendment due process claim against Defendant Soles for allegedly prohibiting Plaintiff from presenting witnesses during a disciplinary hearing; and (5) an Eighth Amendment claim against Defendant Linder for deliberate indifference to Plaintiff's safety based on allegations that he did not stop an assault on Plaintiff. (Doc. no. 20, pp. 9-11.) In his request for relief, Plaintiff seeks compensatory, nominal, and punitive damages against each Defendant jointly and severally. (Doc. no. 12, p. 26.)

## II.   DISCUSSION

In the instant motion, Defendants have moved to dismiss Plaintiff's complaint for abuse of the judicial process for providing false information in his amended complaint. (Doc. no. 27-1, pp. 2-4; doc. no. 36, pp. 2-4.) Furthermore, Defendants argue that Plaintiff has failed to exhaust his administrative remedies, that several of Plaintiff's claims fail to state a claim upon which relief can be granted, that Defendants are entitled to qualified immunity, and that the Eleventh Amendment bars Plaintiff's official capacity claims. (See generally doc. no. 27-1; doc. no. 36.) In response to Defendants' motion, Plaintiff argues that he has stated viable claims and that his complaint should not be dismissed for abuse of process because he misread questions on the complaint form.[3] (See generally doc. no. 33.)

### A.   Legal Standard

The Court will begin with a review of the general standards with regard to prisoners proceeding IFP in federal court. A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[3]Because the Court finds that Plaintiff's complaint is due to be dismissed for abuse of the judicial process, the Court does not reach the remaining arguments in Defendants' motion to dismiss.

3

physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

One way in which a prisoner may receive a "strike" under the PLRA is by providing false information to the courts. Rivera, 144 F.3d at 731. Indeed, the Eleventh Circuit has expressly approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Id. (citations omitted).[5] Furthermore, the Court of Appeals has previously affirmed the

---

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[5]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

4

dismissal of a complaint where a plaintiff fails to disclose a prior federal lawsuit because of an alleged misunderstanding of the question on the complaint form. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (*per curiam*); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*). Moreover, the practice of dismissing a case as a sanction for providing false information about prior filing history has previously been utilized in the Southern District. See, e.g., Dollar v. Fairview Hospital, CV 311-051 (S.D. Ga. Aug. 8, 2011); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Smith v. Snowden; CV 310-036 (S.D. Ga. July 29, 2010); Gozo v. Corrections Corporation of America, CV 308-112 (S.D. Ga. June 15, 2009); Gillilan v. Walker, CV 106-184 (S.D. Ga. Mar. 15, 2007); Terrell v. Terry, CV 604-073 (S.D. Ga. Jan. 23, 2006); Hood, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x at 819.

## B. Plaintiff Provided False Information in His Complaint

To effectuate the PLRA, the "Form to Be Used by Prisoners Filing a Complaint under

---

> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

5

the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[6] (Doc. no. 12, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he has never before brought any lawsuit in federal court.[7] (Id. at 1-3, 7.)

Defendants correctly point out, however, that Plaintiff has brought at least one prior federal lawsuit while incarcerated: Copeland v. Cook, No. 5:88-cv-013 (M.D. Ga. Jan. 11, 1989). (Doc. no. 27-1, p. 3; doc. no. 27-2.) Thus, Defendants contend, Plaintiff provided false information in both his original complaint (doc. no. 1, pp. 1-3, 8) and amended complaint (doc. no. 12, pp. 1-3, 7) by stating, under penalty of perjury, that he has never brought any other lawsuits in federal court. (Doc. no. 27-1, pp. 2-3.) In his response to Defendants' motion to dismiss, Plaintiff does not dispute that he brought the prior case, but argues that he misunderstood the questions on the complaint form. (Doc. no. 33, p. 3.)

Section I of the complaint form requires a prisoner plaintiff to disclose all prior or contemporaneous litigation. (See doc. no. 12, pp. 1-2.) Question A under that Section asks: "Have you begun other lawsuits in state or federal court dealing with the same facts involved

---

[6] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

[7] In his original complaint, Plaintiff similarly stated, under penalty of perjury, that he has never before brought any lawsuit in federal court. (Doc. no. 1, pp. 1-3, 8.)

6

in this action?" (Id.) Question B asks: "While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" (Id.) Plaintiff argues that he understood the questions to ask: (1) whether he has filed any lawsuits in state or federal court "pertaining to this 'instant' case" [and] (2) whether he filed his case against Defendants in another court but was denied. (Doc. no. 33, p. 3.) In other words, Plaintiff acknowledges his correct understanding of Question A, but argues that he misunderstood Question B. (Id.)

The Court agrees with Defendants, however, that Question B is neither ambiguous nor unclear. (Doc. no. 36, p. 2.) Although Plaintiff is held to a lower standard than that of an attorney by virtue of his *pro se* status, Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*), Plaintiff's explanation for his understanding of Question B is simply not credible. Indeed, Plaintiff's interpretation of Question B – which he alleges that he understood to ask whether he had filed his case against Defendants in any other court – would be largely redundant to Question A, which Plaintiff states that he correctly understood to ask whether he had brought any other cases in state or federal court dealing with the same facts as his instant case. Moreover, Plaintiff's filings in this Court indicate that he is obviously literate, and his explanation for his ignorance suggests further attempts to mislead the Court.

Plaintiff argues, however, that another inmate "filed everything" relating to his prior case, which Plaintiff states he brought twenty-three years ago "against Officer Cook for hitting me between my legs." (Doc. no. 33, p. 4.) That another inmate may have assisted Plaintiff in filing his previous case does not excuse his failure to disclose the case, as he is clearly able to recite the allegations in his prior litigation. See Washington v. St. Lawrence,

No. 410-CV-004, 2010 U.S. Dist. LEXIS 37554, at *4 (S.D. Ga. Feb. 12, 2010) ("Plaintiff's explanation for failing to disclose his federal filing history is just a plain fabrication. Even if he could not recall the details of his prior suits, he certainly would have remembered initiating some sort of legal proceedings during his incarceration. . . ."). In sum, the Court finds that Plaintiff provided false information in his complaint.

### C. Plaintiff's Complaint Should be Dismissed for Abuse of Process

In their motion to dismiss, Defendants argue that based on the false information, Plaintiff's complaint should be dismissed without prejudice for his abuse of the judicial process. (Doc. no. 27-1 p. 4; doc. no. 36, p. 4.) Plaintiff argues that the Court should accept his alleged misunderstanding of the question and allow him to proceed with his case because he has nothing to gain by providing false information. (Doc. no. 33, p. 4.) But Defendants validly point out that if the Court were to accept Plaintiff's belated claim of honest misunderstanding, this would send the message that "there is no need for inmates to disclose their prior litigation" because they could simply claim ignorance after-the-fact. (Doc. no. 36, p. 3.) Moreover, as set forth in detail above, dismissal of a case is warranted for dishonesty in a complaint. See, e.g., Redmon, 414 F. App'x at 226; Hood, 197 F. App'x at 819; Rivera, 144 F.3d at 731. This is so even as to non-material matters. Washington, 2010 U.S. Dist. LEXIS 37554, at *4-5 (S.D. Ga. Feb. 12, 2010) ("Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter."), *adopted as opinion of District Court*, 2010 U.S. Dist. LEXIS 37301, at *1 (S.D. Ga. Apr. 15, 2010). Simply put, there is no excuse for providing false information in response to a clear and unambiguous question.

Plaintiff's false response about his prior litigation, which he made under penalty of perjury, constitutes an abuse of the judicial process, and his case is due to be dismissed without prejudice on that ground alone.

### III. CONCLUSION

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 27) be **GRANTED**, and this action should be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.

SO REPORTED and RECOMMENDED this 19th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE